UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMES E. REVELS, | : | |
| | : | |
| Petitioner, | : | Civ. No. 15-5641 (RBK) |
| | : | |
| v. | : | |
| | : | |
| JORDAN HOLLINGSWORTH, | : | **OPINION** |
| | : | |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

### I. INTRODUCTION

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims that the Federal Bureau of Prisons ("BOP") has erred when it failed to calculate his federal sentence as beginning on the date he was sentenced. For the following reasons, the habeas petition will be denied.

### II. BACKGROUND

Petitioner was serving a twenty-seven years to life sentence after several convictions he received in the District of Columbia Superior Court. On May 7, 1997, while serving that D.C. sentence at the Lorton Correctional Complex, Central Detention Facility which is located in the Eastern District of Virginia, petitioner stabbed and injured another inmate. Subsequently, petitioner was indicted in the United States District Court for the Eastern District of Virginia with assault with intent to commit murder, assault resulting in serious bodily injury, assault with a dangerous weapon and being a prisoner in possession of a shank. Ultimately, petitioner pled guilty to assault with a dangerous weapon. On August 28, 1998, the Eastern District of Virginia sentenced petitioner to seventy-five months imprisonment. The judgment was silent as to

whether this sentence was to run consecutively or concurrently to his D.C. sentence, however, the judgment from the District Judge recommended that petitioner "be federalized." (Dkt. No. 5-4 at p. 10) According to a Correctional Programs Specialist with the BOP, this recommendation to have petitioner "federalized," "references the 1997 Revitalization Act, in which Congress mandated that the Lorton Correctional Complex (where Petitioner was serving his D.C. sentence) be closed by 2001, and all offenders be transferred and housed by the Bureau of Prisons." (Dkt. No. 7 at p. 3)

On May 1, 2001, petitioner was transferred to the United States Penitentiary in Terre Haute, Indiana. On January 30, 2014, petitioner was paroled from his D.C. sentence. The BOP has determined that petitioner's federal sentence began on January 30, 2014, or the day his was paroled from his D.C. sentence. Assuming that petitioner receives the maximum possible amount of good time credits, the BOP has scheduled his release from custody on his federal sentence on August 14, 2019.

Petitioner filed this habeas petition in July, 2015. Petitioner claims that the BOP has improperly calculated when his seventy-five month federal sentence began to run. He claims that his federal sentence began to run when he was sentenced on August 28, 1998. Alternatively, petitioner claims that his federal sentence began on May 1, 2001, when he was transferred to the United States Penitentiary at Terre Haute. Thus, petitioner claims that he has now fully served his seventy-five month federal sentence and should be released from federal incarceration. Additionally, petitioner argues that the Eastern District of Virginia did not have subject matter jurisdiction to convict him in the first place on the federal charge.

Respondent has filed a response in opposition to the habeas petition. Respondent argues that the habeas petition should be dismissed because petitioner has not exhausted his

administrative remedies. Additionally, respondent argues that the BOP has correctly calculated petitioner's federal sentence. Finally, respondent asserts that it is improper for petitioner to bring a challenge to the actual sentence in the Eastern District of Virginia in this § 2241 habeas petition. Petitioner did not file a reply in support of his habeas petition.

### III.   DISCUSSION

As previously stated, respondent's first argument in opposing plaintiff's habeas petition asserts that the habeas petition should be dismissed for failure to exhaust his administrative remedies. However, as petitioner's habeas petition is without merit, this Court will bypass respondent's lack of exhaustion argument and analyze the habeas petition on the merits instead.

Determining a term of imprisonment comprises two steps: (1) "a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to ... the official detention facility at which the sentence is to be served[;]" and (2) a defendant receives credit for time spent in custody "prior to the date the sentence commences ... that has not been credited against another sentence." *See* 18 U.S.C. § 3585(a) & (b); *see also Nieves v. Scism,* 527 F. App'x 139, 140–41 (3d Cir. 2013) ("In calculating a sentence, the BOP determines (1) when the federal sentence commenced, and (2) whether there are any credits to which the prisoner may be entitled.") (citing 18 U.S.C. § 3585). "[A] federal prisoner can receive credit for certain time spent in official detention before his sentence begins, as long as that time has not been credited against any other sentence against any other sentence. Section 3585(b) makes clear that prior custody credit cannot be double counted." *See Williams v. Zickefoose,* 504 F. App'x 105, 107 (3d Cir. 2012) (citing *United States v. Wilson,* 503 U.S. 329, 337 (1992)).

"[A] federal sentence cannot begin to run earlier than on the date on which it is imposed." *Rashid v. Quintana,* 372 F. App'x 260, 262 (3d Cir. 2010) (citing *United States v. Labeille–Soto,*

163 F.3d 93, 98 (2d Cir. 1998)). Furthermore, "[a] federal sentence does not begin to run when a defendant is taken into federal custody from state custody pursuant to a writ of habeas corpus ad prosequendum" because "the state remains the primary custodian in those circumstances." *Carmona v. Williamson,* No. 05–0022, 2006 WL 3042967, at *2 (M.D. Pa. Oct. 23, 2006) (citations omitted); *see also Garcia v. Bureau of Prisons,* No. 06–0089, 2006 WL 2645122, at *2 n.2 (D.N.J. Sept. 13, 2006) (noting that sovereign who acquires custody first in time has primary custody over the defendant and that primary custody remains vested in the jurisdiction which first arrested the defendant " 'until that jurisdiction relinquishes its priority by e.g., bail release, dismissal of state charges, parole release, or expiration of sentence.... Producing a state prisoner under writ of habeas corpus ad prosequendum to answer federal charges does not relinquish state custody.'") (quoting *Chambers v. Holland,* 920 F. Supp. 618, 622 (M.D. Pa. 1996), *aff'd by,* 100 F.3d 946 (3d Cir.1996)).

In this case, D.C. obtained primary jurisdiction over petitioner prior to him being charged with federal crimes in the Eastern District of Virginia and did not relinquish its primary jurisdiction over petitioner until he was paroled from the D.C. sentence in January, 2014. *See, e.g.*, *Davis v. Sniezek*, 403 F. App'x 738, 740 (3d Cir. 2010) ("Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: (1) release on bail; (2) dismissal of charges; (3) parole; or (4) expiration of sentence.") (citing *United States v. Cole,* 416 F.3d 894, 897 (8th Cir. 2005)). Nevertheless, petitioner argues that the BOP's calculations are incorrect because the Eastern District of Virginia ordered that his federal sentence was to run concurrently with his D.C. sentence. Where a federal sentence is silent with respect to its relationship to a state sentence, it is properly calculated as being consecutive to that state sentence. *See McNair v. Fairton*, 511 F. App'x 749, 751 (3d Cir. 2015) (citing 18 U.S.C. § 3584(a)). The Eastern District

4

of Virginia's judgment against petitioner is silent as to whether petitioner's federal sentence should run concurrently or consecutive to his D.C. sentence. Accordingly, it was properly determined by the BOP to be consecutive to his D.C. sentence.

The fact that the District Judge recommended that petitioner be federalized does not change this result. Indeed, petitioner has not shown that this was anything but a recommendation that petitioner be turned over to BOP to complete service on his D.C. sentence before Lorton was required to be shut down. Furthermore, it is worth noting that petitioner committed the federal offense and was sentenced by the Eastern District of Virginia while he was serving his D.C. sentence. Pursuant to U.S.S.G. § 5G1.3(a) at the time petitioner was sentenced by the Eastern District of Virginia, if an "offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment." U.S.S.G. § 5G1.3(a) (1997). Thus, petitioner could have only received a consecutive sentence based on the applicable Sentencing Guidelines at the time he was sentenced in the Eastern District of Virginia in 1998. *See United States v. Higgins*, 128 F.3d 138, 141-42 (3d Cir. 1997); *United States v. Bifield*, 42 F. Supp. 2d 477, 488 (M.D. Pa. 1999).

Petitioner also argues that in the event that his federal sentence did not commence on August 28, 1998, the BOP still erred because his federal sentence should have been deemed to have commenced when he was transferred to the United States Penitentiary in Terre Haute and he received a federal register number. However, these facts did not change the fact that D.C. never relinquished primary jurisdiction over petitioner until he was paroled such that his

5

consecutive federal sentence never began to run until that parole date. *See, e.g.*, *Davis*, 403 F. App'x at 740 (detailing ways sovereign can relinquish primary jurisdiction).

Because petitioner was receiving credit for time served on his D.C. sentence from August 28, 1998 until January 30, 2014, petitioner is not entitled to receive credit on his federal sentence during this time period because such would amount to impermissible double counting. *See* 18 U.S.C. § 3585(b); *see also Williams*, 504 F. App'x at 107. Accordingly, petitioner is not entitled to federal habeas relief on his argument that the BOP has erred in determining when his federal sentence began to run.

Petitioner also argues that the Eastern District of Virginia lacked jurisdiction to convict him on the federal charge in the first place. This is a challenge to his actual federal conviction and sentence, as opposed to how the BOP is executing his sentence.

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle,* 535 F. App'x 87, 88 (3d Cir. 2013) (citing *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir.2002)). This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or

procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of ... § 2255." *Cradle,* 290 F.3d at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538 (citation omitted). "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil,* 119 F.3d 245, 251–52 (3d Cir. 1997)).

In *Dorsainvil,* the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]" 119 F.3d at 251. Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.* The "safety valve," as stated in *Dorsainvil,* is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke,* 307 F.3d at 120 (citing *Dorsainvil,* 119 F.3d at 251).

Petitioner's claim that the Eastern District of Virginia lacked jurisdiction to enter judgement of conviction against him does not fall within the *Dorsainvil* exception and must be brought within a § 2255 motion. *See United States v. Young*, Crim. No. 06-0710, 2012 WL

7

1694344, at *3 (E.D. Pa. May 15, 2012) (claim that court lacked jurisdiction to convict must be brought within § 2255 not § 2241). Accordingly, this § 2241 habeas petition is not the proper mechanism for petitioner to bring this claim challenging the Eastern District of Virginia's jurisdiction to enter a conviction against him. Petitioner does not indicate whether he has ever filed a § 2255 motion previously in the Eastern District of Virginia. Nevertheless, this Court does not find it in the interests of justice to transfer this habeas petition to the Eastern District of Virginia as an initial § 2255 motion or to the United States Court of Appeals for the Fourth Circuit as an application to file a second or successive § 2255 motion. . *See* 28 U.S.C. § 1631 ("the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed").

## IV.  CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus habeas is denied. An appropriate order will be entered.


DATED:  April  18, 2016                                              s/Robert B. Kugler
                                                                                        ROBERT B. KUGLER
                                                                                        United States District Judge